IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

JULIO JESUS SIMOZA RANGEL                                    PETITIONER

v.                          CIVIL ACTION NO. 5:19-cv-118-DCB-MTP

WARDEN GILLIS                                                RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 20]. On September 15, Respondent Gillis filed his objections to the Report and Recommendation. [ECF No. 22]. Having reviewed the Report and Recommendation, the objections, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

Petitioner Julio Jesus Simoza Rangel has been in the custody of Immigration and Customs Enforcement ("ICE') since April 10, 2019. On November 14, 2019 Petitioner filed a Writ of Habeas pursuant to 28 U.S.C. 2241 alleging a violation of his constitutional rights. [ECF No. 1]. Petitioner then filed a Motion to Enforce Release [ECF No. 13]. Respondent filed a response stating that Petitioner's removal remains imminent. [ECF No. 18].

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. The

1

Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." Id. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner has been in ICE custody since April of 2019; his final removal order was issued on May 1, 2019. [ECF No. 1]. The length of Petitioner's confinement exceeds the six-month presumptively reasonable period prescribed by the Supreme Court in Zadvydas. Petitioner asserts that he has "collaborated fully" with ICE's removal efforts, and Respondent makes no assertion that Petitioner has been anything but cooperative. [ECF No. 13 and ECF No. 18]. Petitioner asserts that his removal is not likely in the foreseeable future because Venezuela and the United States have "stopped government relations" and no flights are allowed from the United States to Venezuela. [ECF No. 13]. Additionally, Petitioner asserts that Trinidad and Tobago, the country the Government

previously used to obtain transit visas for detainees being removed to Venezuela, is no longer allowing removal through its ports. Id.

Magistrate Judge Parker recommends the Petition for Habeas [ECF No. 1] be granted, Petitioner's Motion to Enforce Release [ECF No. 13] be granted and the Court order Immigration & Customs Enforcement ("ICE") to deport Petitioner or release him subject to appropriate conditions of supervision, to be determined by ICE, within thirty days of the Court's order granting the Petition. [ECF No. 20]. Respondent filed objections. [ECF No. 22].

When a party objects to a Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Allen v. Outlaw, No. 5:14-cv-60-DCB-MTP, 2015 WL 4759268, at * 2 (S.D. Miss. Aug. 12, 2015). Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). A de novo review means that this Court will "examine the entire record and will make an independent

assessment of the law." <u>Lambert v. Denmark</u>, No. 2:12-cv-74-KS-MTP,
2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013). In conducting
such a review, the Court is not "required to reiterate the findings
and conclusions of the magistrate judge." <u>Koetting v. Thompson</u>,
995 F.2d 37, 40 (5th Cir. 1993).

In his objections to the Report and Recommendation,
Respondent did not specifically object to the legal conclusions or
the recommendations of the Magistrate Judge. Rather, Respondent
merely reasserts his argument that there is a significant
likelihood of removal of Petitioner in the reasonably foreseeable
future. After a de novo review of the Respondent's objections, the
Court is unable to find any error with Magistrate Judge Parker's
findings. The Court is satisfied that the Magistrate Judge has
under taken extensive examination of the issues in this case and
has issued a thorough opinion.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Magistrate Judge
Michael T. Parker's Report and Recommendation [ECF No. 20] is
ADOPTED as the findings and conclusions of this Court and Julio
Jesus Simoza Rangel's Petition for Writ of Habeas Corpus [ECF
No. 1] and Motion to Enforce Release [ECF No. 13] are GRANTED.
The Court ORDERS ICE to deport Petitioner or release him subject

to appropriate conditions of supervision, to be determined by

ICE, within thirty days of this Order.

    IT IS FURTHER ORDERED that the Respondent's objections [ECF

No. 22] are OVERRRULED.

    SO ORDERED AND ADJUDGED this the 29th day of October, 2020.

                                        /s/ David Bramlette

                                        UNITED STATES DISTRICT COURT